APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 9, 1918, affirming an award of the state industrial commission made under the Workmen's Compensation Law. The claim was for loss of an eye through injury thereto from a chip from a sledge hammer which claimant was using in the course of his employment. The appellants contended that written notice of the injury was not given within ten days. The industrial commission excused the failure to give written notice on the ground that it appeared that verbal notice was given to the foreman to whom it was proper to report accidents.

*Bertrand L. Pettigrew* and *Walter L. Glenney* for appellants.

*Charles D. Newton*, Attorney-General (*E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, McLAUGHLIN and CRANE, JJ.

---

In the Matter of the Claim of MATTHEW F. HOGAN, Respondent, against EDWARD ENGINEERING COMPANY et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

*Hogan* v. *Edward Engineering Co.*, 186 App. Div. 921, affirmed.
(Argued February 25, 1919; decided March 11, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 25, 1918, affirming an award of the state industrial commission made under the Workmen's Compensation Law. Claimant's son was employed by defendant Edward Engineering Company as a passenger elevator

operator. Desiring to go to the basement of the building he opened the gate to a freight elevator, pulled the cable and the car coming up struck him on the head causing his death. This particular elevator was the only means by which to get from the ground floor to the basement except an emergency ladder leading from the sidewalk to the basement, but the regular way to reach the basement when the elevator was down was to ring the bell and wait for the chief engineer to bring the elevator up. Appellant contended that the accident did not arise out of, or in the course of, the employment of the deceased, but that by his own actions he exposed himself to a distinctly new and additional peril which was not in the contemplation of the employer when it entered into the contract of employment with him, and that he was not simply doing his work in a negligent or careless manner, but was entirely outside of his employment.

*Bertrand L. Pettigrew* and *W. L. Glenney* for appellants.

*Charles D. Newton, Attorney-General (E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, MCLAUGHLIN and CRANE, JJ.